## No. 10,458.

## WARD v. GRAHAM-JONES MOTOR CO.

Decided October 1, 1923.   Rehearing denied November 5, 1923.

Action for damages.   Judgment of dismissal.

### *Reversed.*

1. CORPORATIONS—*Actions*—*Parties.*   Where a corporation, having been dissolved, could bring no suit, and if suit were brought by the directors as trustees the only person who would be entitled to recover was an individual stockholder, it is held that he could properly bring the action.

2. PLEADING—*Complaint*—*Sufficiency.*   Complaint in , an action for damages for fraudulently preventing a corporation from obtaining a renewal of a contract for the selling of motor cars, reviewed and held to state sufficient facts to entitle plaintiff to recover.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WILLIAM R. EATON, for plaintiff in error.

Messrs. ELLIS, ROBINSON & SARCHET, Mr. JAMES E. GARRIGUES, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER. delivered the opinion of the court.

IN this action defendant, The Graham-Jones Motor Company, demurred to the complaint and the demurrer was sustained.   The plaintiff elected to stand upon his complaint, the action was dismissed as to the demurrant and the. plaintiff brings error.

It appears from the complaint, among much unnecessary matter, that defendant, Graham, and the plaintiff together owned all of the stock of The Colorado Motor Company, a corporation which had a contract with The Reo Motor

Car Company to act as distributer of said company's cars in the state of Colorado; that said Graham, as a representative of said Colorado Company, went to the home office of The Reo Motor Car Company to obtain for said Colorado Company an extension or renewal of its contract for the exclusive sale of Reo cars in this state; that while ostensibly engaged in securing said contract, said Graham entered into a plan, with the other individual defendants above named, to prevent The Colorado Company from obtaining a further contract with said Reo Company, and to secure such contract for himself and the other individual defendants; that said Graham, soon after reaching the office of said Reo Company, and having entered upon the plan aforesaid, telegraphed plaintiff that the contract had been renewed, and said Akres later advised plaintiff by letter that the contract had been renewed; that thereafter, said Graham falsely stated to plaintiff that a renewal of the contract had been refused to The Colorado Motor Company, and in consequence of said information the plaintiff consented to the plan, proposed by Graham, to sell the assets of said Colorado Motor Company to said Jones, and the same was thus sold, and said company was thereupon dissolved; that in pursuance of said plan, the contract for the sale of Reo cars in Colorado was secured by defendant Jones; that thereupon the individual defendants caused the said Graham-Jones Motor Company to be organized, and said Jones then assigned to it his contract with The Reo Motor Company aforesaid; that said fraudulent acts were well known to the parties organizing said Graham-Jones Company when they became directors thereof, and that all of the individual defendants and stockholders in said last mentioned company have shared in the large profits made by said company under said contract for the sale of Reo cars in this state.

It is further alleged that The Colorado Motor Company had done a large business in this state in the sale of Reo motor cars, and had made large profits therefrom; that because of the fraudulent acts of the defendants, plaintiff,

as a half owner of said Colorado Motor Car Company, had been deprived of the profits which would have come to him but for these fraudulent acts.

It is objected, however, that the suit should have been in the name of The Colorado Motor Company for the benefit of the stockholders. That company, having been dissolved, could bring no suit, and if suit were brought by the directors as trustees the only person who would be entitled to the benefit of a recovery would be the plaintiff. That being so, the suit by him was proper. *Dill v. Johnston,* (Okla.) 179 Pac. 609.

It appearing thus that The Graham-Jones Motor Company's officers formed it for the purpose of enabling Graham to carry out his design to wrong his principal, The Colorado Motor Company, for which he had assumed to act in the securing of a new contract, and that the plaintiff, a half owner of said Colorado Company, being injured in his ownership by the acts of the defendant Graham, in which he was aided and abetted by the other defendants, his right of recovery upon the facts stated is unquestioned.

The demurrer should have been overruled. The judgment is therefore reversed.

MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.